**DISABLED RIGHTS ACTION COMMITTEE; Ronald Ray Smith, Plaintiffs—Appellants,**

v.

**SANTA FE GAMING CORPORATION, Santa Fe Gaming Corporation, Defendant—Appellee.**

No. 01–15248.

D.C. No. CV–00–00806–RLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2002.

Decided Feb. 12, 2002.

Before REINHARDT and FISHER, Circuit Judges, and MOLLOY,* District Judge.

MEMORANDUM **

Plaintiffs brought this action pursuant to Title III of the Americans With Disabilities Act ("ADA"), seeking an accounting for unjust enrichment because one of the shuttle buses that defendant Santa Fe Gaming ("Santa Fe") operated was not accessible to patrons who use wheelchairs. The district court dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6), and plaintiffs appeal.

The district court ruled that the remedial provision of Title III of the ADA, 42 U.S.C. § 12188, does not allow an equitable remedy in monetary form, such as an accounting for unjust enrichment.[1] We agree that the relief sought here is not authorized, given the circumstances of this case, and need not decide any broader question.

Plaintiffs have not stated a cognizable claim for unjust enrichment. They do not allege that defendant Santa Fe gained profits from its alleged ADA violation that properly belonged to the plaintiffs. *See, e.g. Oregon Laborers–Employes Health & Welfare Trust Fund v. Philip Morris*, 185 F.3d 957, 968 (9th Cir.1999) (stating that "to state a cause of action for unjust enrichment, plaintiffs must show that they conferred a 'benefit' on defendants and that it would be unjust for defendants to retain that benefit"). Here, plaintiffs were able to ride other Santa Fe buses during the time that the defendant's larger and

---

* The Honorable Donald Molloy, United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Title III of the ADA, which proscribes discrimination in public accommodations, incorporates the remedies contained in the public accommodations portions of the Civil Rights Act of 1964, 42 U.S.C. § 2000a–3(a).

non-conforming bus was in service. Under the circumstances, by seeking an accounting for unjust enrichment when Santa Fe did not reap profits that rightfully belonged to the plaintiffs, the plaintiffs are in essence pursuing punitive damages for defendant's alleged ADA violation. Damages are not an available remedy for a violation of Title III of the ADA. *See* 42 U.S.C. § 2000a–3(a). Thus, the district court properly dismissed plaintiffs' claim as a matter of law.

AFFIRMED.